**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Strike Force*

| | | | |
|---|---|---|---|
| *CHRISTOPHER J. CHRISTIE*<br>*United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark, New Jersey 07102* | *Phone:*<br>*Fax:* | *973-645-2752*<br>*973-645-3497* |

*Anthony Moscato*
*Assistant United States Attorney*

July 25, 2007

Michael D'Auanni, Esq.
150 Morris Avenue
Suite 206
Springfield, New Jersey 07081

    Re:  <u>Plea Agreement with Parmatic Filter Corporation</u>

Dear Mr. D'Auanni:

    This letter sets forth the plea agreement between your client, Parmatic Filter Corporation, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will remain open until August 13, 2007.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Parmatic Filter Corporation to Count One of the Indictment, Criminal Number 06-382 (WHW), that charges the company with a dual-object conspiracy to commit major fraud against the United States and to make and use false statements to and to conceal material facts from the United States, contrary to Title 18, United States Code, Sections 1031 and 1001, respectively, in violation of Title 18, United States Code, Section 371. If Parmatic Filter Corporation enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Parmatic Filter Corporation for the charges contained in Counts One through Thirteen of the Indictment, Criminal Number 06-382 (WHW). In addition, if Parmatic Filter Corporation fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts Two through Thirteen of the Criminal Number 06-382 (WHW), against Parmatic Filter Corporation. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Parmatic Filter Corporation agrees that any dismissed charges and any other charges that are

not time-barred by the applicable statute of limitations on the date this agreement is signed by Parmatic Filter Corporation may be commenced against it, notwithstanding the expiration of the limitations period after Parmatic Filter Corporation signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 371 to which Parmatic Filter Corporation agrees to plead guilty carries a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Parmatic Filter Corporation is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Parmatic Filter Corporation ultimately will receive.

Further, in addition to imposing any other penalty on Parmatic Filter Corporation, the sentencing judge:

(1) will order Parmatic Filter Corporation to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing;

(2) must order Parmatic Filter Corporation to pay restitution pursuant to Title 18, United States Code, Sections 3663 et seq., as more fully set forth below;

(3) may order Parmatic Filter Corporation, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of its offense; and

(4) pursuant to Title 18, United States Code, Section 3583, may require Parmatic Filter Corporation to serve a term of supervised release of not more than three years,

which term will begin at the expiration of any term of imprisonment imposed.  Should Parmatic Filter Corporation be placed on a term of supervised release and then subsequently violate any of the conditions of supervised release before the expiration of its term, Parmatic Filter Corporation may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Parmatic Filter Corporation agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the United States in the amount of approximately $7,962,807.14.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Parmatic Filter Corporation by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Parmatic Filter Corporation's activities and relevant conduct with respect to this case.

Stipulations

This Office and Parmatic Filter Corporation agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives

additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Parmatic Filter Corporation from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Parmatic Filter Corporation waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Parmatic Filter Corporation. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or the United States Department of Defense), or any third party from initiating or prosecuting any civil proceeding against Parmatic Filter Corporation.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Parmatic Filter Corporation and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                        Very truly yours,

                        CHRISTOPHER J. CHRISTIE
                        United States Attorney

By:   Anthony Moscato
     Assistant U.S. Attorney

APPROVED:

_____
V. Grady O'Malley, Chief
Strike Force

I have received this letter from my attorney, Michael D'Auanni, Esq. I have read it, and I fully understand it. I, on behalf of and with the express authorization of Parmatic Filter Corporation, hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

CONSENTED TO AND ACCEPTED BY
AUTHORIZATION OF THE BOARD
OF DIRECTORS OF PARMATIC FILTER
CORPORATION:

_____      Date: 8/28/07
Corporate Officer or Representative
of Parmatic Filter Corporation

_____      Date: 9/6/07
Michael D'Auanni, Esq.

<u>Plea Agreement With Parmatic Filter Corporation</u>

<u>Schedule A</u>

1. This Office and Parmatic Filter Corporation recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Parmatic Filter Corporation nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Parmatic Filter Corporation within the Guidelines range that results from the total Guidelines offense level set forth below, except as provided in Paragraphs 14 and 15 below. This Office and Parmatic Filter Corporation further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, except as provided in Paragraphs 14 and 15 below.

2. The version of the United States Sentencing Guidelines effective November 1, 2002 applies in this case. The applicable guideline is U.S.S.G. § 8A1.2. The parties agree that the Court should determine what, if any, sentence requirements should be imposed under U.S.S.G. § 8A1.2(a), including restitution, remedial orders, community service, and notice to victims.

3. The parties agree that Parmatic Filter Corporation did not operate primarily for a criminal purpose or primarily by criminal means. <u>See</u> U.S.S.G. § 8A1.2(b)(1).

4. The parties further agree that an abbreviated determination of the guideline fine range is not warranted. <u>See</u> U.S.S.G. § 8A1.2(b)(2)(A).

**Calculation of the Offense Level - U.S.S.G. § 8C2.3**

5. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

6. Because the loss resulting from the criminal conduct of Parmatic Filter Corporation and its agents and employees was more than $7,000,000 but less than $20,000,000, Specific Offense Characteristic § 2B1.1(b)(1)(K) applies. This Specific Offense Characteristic results in an increase of 20 levels.

7. Because Parmatic Filter Corporation's criminal conduct and the criminal conduct of its agents and employees involved the conscious or reckless risk of death or serious bodily injury, a 2 level increase under § 2B1.1(b)(11) is warranted.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Parmatic Filter Corporation is 28 (the "agreed total Guidelines offense level").

## Calculation of the Base Fine - U.S.S.G. § 8C2.4

9. Under U.S.S.G. § 8C2.4(d), the parties agree that the base fine is $6,300,000.

## Calculation of the Culpability Score - U.S.S.G. § 8C2.5

10. Under U.S.S.G. § 8C2.5, the parties agree that Parmatic Filter Corporation's culpability score is determined as follows:

   a. Parmatic Filter Corporation's culpability score starts with 5 points. See U.S.S.G. § 8C2.5(a).

   b. Because Parmatic Filter Corporation had more than 10 or more employees and at least one individual within substantial authority personnel participated in and condoned the offense, 1 point is added to Parmatic Filter Corporation's culpability score. See U.S.S.G. § 8C2.5(b)(5).

   c. Because Parmatic Filter Corporation clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct and the criminal conduct of its agents and employees, 1 point is subtracted from Parmatic Filter Corporation's culpability score. See U.S.S.G. § 8C2.5(g)(3).

   d. Therefore, the parties agree that Parmatic Filter Corporation's total culpability score is 5.

## Minimum and Maximum Multipliers - U.S.S.G. § 8C2.6

11. Based on the agreed total culpability score of 5, as set forth in Paragraph 10d of this Schedule A, the parties agree that the minimum multiplier is 1 and the maximum multiplier is 2. See U.S.S.G. § 8C2.6.

## Application of the Guideline Fine Range - U.S.S.G. § 8C2.7

12. Under U.S.S.G. § 8C2.7(a) & (b), the parties agree that the minimum guideline fine range is $6,300,000, and the maximum guideline fine range is $12,600,000.

## Disgorgement - U.S.S.G. § 8C2.9

13. Because Parmatic Filter Corporation has agreed to make restitution to the United States, as more specifically set forth in this Agreement, the parties agree that no amount should be added to the fine under U.S.S.G. § 8C2.9.

## Other Provisions

14. The parties agree that the Court is authorized to reduce the fine below the advisory fine range, which advisory range is set forth in Paragraph 12 of this Schedule A, to the extent that the Court finds that the imposition of such fine would impair Parmatic Filter Corporation's ability to make restitution to the United States, as Parmatic Filter Corporation has agreed to do in this Agreement and as required under U.S.S.G. § 8B1.1 and Title 18, United States Code, Section 3663A.

15. The parties further agree that any voluntary restitution paid by John Parkinson, a principal and shareholder of Parmatic Filter Corporation, to the United States before the date of sentencing of Parmatic Filter Corporation shall offset the amount of restitution Parmatic Filter Corporation has agreed to pay the United States, as more fully set forth in this Agreement.

16. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein.

17. Parmatic Filter Corporation knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the

sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 28.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 28.  The parties reserve any right they may have under Title 18, United States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

     18.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.